J-S17039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL R. WESLING, | : | |
| | : | |
| Appellant | : | No. 980 EDA 2016 |

Appeal from the PCRA Order March 18, 2016
in the Court of Common Pleas of Monroe County,
Criminal Division, No(s): CP-45-CR-0001697-2012

BEFORE:  OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 27, 2017**

Daniel R. Wesling ("Wesling") appeals, *pro se*, from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"),[1] and granting Brian Gaglione, Esquire's ("Attorney Gaglione") Petition to Withdraw as counsel for Wesling.  We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural background, which we adopt for the purpose of this appeal.  **See** PCRA Court Opinion, 5/25/16, at 1-2.[2]

On appeal, Wesling raises the following issues for our review:

1. Did the [PCRA] court err in allowing the assigned [PCRA] counsel[, Attorney Gaglione,] to withdraw before amending [Wesling's] PCRA [Petition,] both denying [Wesling] a full and

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Wesling received an aggregate prison sentence of 180 to 360 years.

fair opportunity to present his claims[,] and violat[ing] Pa.R.Cr[im].P. 904 and 905 [and] 42 Pa.C.S.A. § 9541?

2. Was not Public Defender[,] Robin Spishock[, Esquire ("Attorney Spishock"),] ineffective at a critical stage?

3. Was [*sic*] not Attorney's [*sic*] [George Henry] Newman[, Esquire ("Attorney Newman")] (local [counsel]), [Michael] Salnick[, Esquire ("Attorney Salnick")] (*pro hac vice* [counsel])[,] and [Jack] Fuchs[, Esquire ("Attorney Fuchs")] (*pro hac vice* [counsel]) [(collectively "replacement counsel")] ineffective?

4. Was [*sic*] not both groups of attorney's [*sic*] ineffective?

5. Was [*sic*] not [Wesling's] [c]onstitutional rights violated when the statute of limitations had completed running in 2007[,] and [Wesling] was charged in 2009?

Brief for Appellant at 4.

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

In his first issue, Wesling contends that the trial court erred by permitting assigned PCRA counsel, Attorney Gaglione, to withdraw from representation. Brief for Appellant at 8. Wesling states that he spoke with Attorney Gaglione upon his appointment as counsel, but claims that Attorney Gaglione failed to discuss the case with Wesling after Attorney Gaglione had reviewed the record. ***Id***. at 8, 9. Wesling asserts that he expected Attorney Gaglione to file an amended PCRA petition, rather than a "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Brief for Appellant at 8. Wesling claims that he sent a letter to the PCRA

court, expressing his intention to proceed *pro se* and amend his Petition,

"but to no avail as [Wesling's] PCRA [Petition] was denied …." *Id*. Wesling

claims that Attorney Gaglione violated Pa.R.Crim.P. 904 by not responding

to the PCRA court's March 18, 2016 Order,[3] or further representing him in

these proceedings. Brief for Appellant at 9. Wesling also claims that,

pursuant to Pa.R.Crim.P. 905(B), the PCRA court should have permitted an

amendment of Wesling's PCRA Petition if the court determined that the

petition was deficient. Brief for Appellant at 9.

Pursuant to *Turner*/*Finley*, independent review of the record by

competent counsel is required before withdrawal on collateral appeal is

permitted. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa.

2009). In *Pitts*, our Supreme Court explained that such independent review

requires proof of

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

_____

[3] In its March 18, 2016 Order, the PCRA court denied Wesling's Petition, and granted Attorney Gaglione's Petition to Withdraw.

> 5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted). Further, our Court has held that the Supreme Court in **Pitts** did not expressly overrule the additional requirement imposed by this Court in **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006), stating

> that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

**Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, the PCRA court determined that, in the **Turner**/**Finley** "no merit" letter, Attorney Gaglione had described the extent of his review, identified the issues that Wesling sought to raise, and explained why the issues lacked merit. **See** PCRA Court Order, 3/18/16, at 1-3. The PCRA court also confirmed that Attorney Gaglione had provided a copy of the **Turner**/**Finley** "no merit" letter to Wesling. **See id**. at 3.[4] The PCRA court

---

[4] Pursuant to **Friend**, Attorney Gaglione was also required to provide Wesling with a statement advising him that, in the event the PCRA court permitted Attorney Gaglione to withdraw, Wesling had the right to proceed *pro se*, or with the assistance of privately retained counsel. **See Widgins**, 29 A.3d at 818. Although the PCRA court did not address this additional requirement, our independent review of the record confirms that Attorney Gaglione provided Wesling with a notice of his intention to seek permission to withdraw from representation, and advised Wesling of his rights to proceed *pro se*, or retain private counsel.

thereafter reviewed the issues raised in the **Turner**/**Finley** "no merit" letter and, after conducting an independent review, determined that the issues Wesling sought to raise lacked merit. **See id**. at 1-3 (wherein the PCRA court agreed with Attorney Gaglione's assessment that the issues raised by Wesling lacked merit, and noted that Wesling had failed to file a response to the PCRA court's Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition without a hearing). Based on our independent review of the record, we conclude that the PCRA court's decision to permit Attorney Gaglione to withdraw from representation is supported by the record and free of legal error, and affirm on this basis as to Wesling's first issue. **See id**.[5]

In his second issue, Wesling contends that Attorney Spishock was ineffective for (1) counseling Wesling to waive his preliminary hearing; and (2) failing to file pretrial motions. Brief for Appellant at 10. Specifically, Wesling asserts that Attorney Spishock was ineffective "for not putting in any time[-]critical motions" requesting the prosecution to fix the dates when the alleged offenses occurred with reasonable certainty, thereby preventing Wesling from raising statute of limitations or alibi defenses. **Id**. at 14. Wesling also claims that Attorney Spishock failed to communicate with Wesling's replacement counsel, Attorney Newman, Attorney Salnick, and

---

[5] To the extent that Wesling attempts to raise, on appeal, an ineffectiveness claim regarding Attorney Gaglione, he failed to challenge his PCRA counsel's representation after receiving Attorney Gaglione's notice of withdrawal letter, and the Notice of the PCRA court's intent to dismiss his Petition pursuant to Pa.R.Crim.P. 907. Thus, Wesling has waived any claim that his PCRA counsel was ineffective. **See Pitts**, 981 A.2d at 880 n.4.

Attorney Fuchs. *Id*. at 15. Although Wesling concedes that replacement counsel were permitted to file supplemental pretrial Motions, and to request a hearing, he argues that replacement counsel were "unable to recover from time critical omissions of [Attorney] Spishock[]." *Id*. at 11, 15, 16.

To succeed on an ineffectiveness claim, Wesling must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

Notably, Wesling has not addressed, or even discussed, the appropriate legal standard for establishing the ineffectiveness of Attorney Spishock. Even if we were to conclude that Wesling's arguments had satisfied the first two prongs of the ineffectiveness test, we are persuaded by the PCRA court's reasoning that Wesling cannot satisfy the third prong of the test. In its Opinion, the PCRA court addressed Wesling's ineffectiveness claim regarding Attorney Spishock's failure to request a bill of particulars, and determined that the issue lacked merit because one of Wesling's

- 6 -

replacement counsel, "Attorney Salnick[,] adequately raised and argued a [M]otion for a bill of particulars." **See** PCRA Court Opinion, 5/25/16, at 3. Additionally, in its prior Orders, the PCRA court addressed Wesling's additional ineffectiveness claims regarding Attorney Spishock, and determined that the claims lack merit. **See** PCRA Court Order, 3/18/16, at 1-3 (addressing Wesling's claim that Attorney Spishock was ineffective for counseling Wesling to waive his preliminary hearing); **see also** PCRA Court Order, 2/23/16, at 1-2 (same). We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Wesling's second issue. **See** PCRA Court Opinion, 5/25/16, at 3; PCRA Court Order, 3/18/16, at 1-3; PCRA Court Order, 2/23/16, at 1-2.

In his third issue, Wesling claims that replacement counsel were ineffective for failing to request a bill of particulars from the Commonwealth. Brief for Appellant at 16-17. Wesling argues that replacement counsel "failed to raise, litigate or preserve the issue of whether the Commonwealth proved the dates of the commission of the offenses beyond a reasonable doubt[,] and did not fix the date of the offenses with reasonable certainty[,]" thereby causing prejudice to Wesling. **Id**. at 17-18. Wesling contends that, if the Commonwealth had presented "the realistic dates" of his alleged

offenses, then he would have been able to produce evidence of his innocence, including receipts and bank statements. *Id*. at 34.[6]

Once again, Wesling has not addressed, or even discussed, the appropriate legal standard for establishing the ineffectiveness of his replacement counsel. Additionally, as noted above, the PCRA court determined that Wesling's third issue lacked merit because replacement counsel did, in fact, raise and argue a Motion for a bill of particulars. *See* PCRA Court Opinion, 5/25/16, at 3. We agree with the reasoning of the PCRA court, which is supported by the record and free of legal error, and affirm on this basis as to Wesling's third issue. *See id*.

In his Statement of Questions Presented, Wesling framed his fourth issue as follows: "Was [*sic*] not both groups of attorney's [*sic*] ineffective?" Brief for Appellant at 4. To the extent that Wesling intended to raise additional ineffectiveness claims regarding his counsel, he has failed to provide a discussion in his appellate brief in support of his fourth issue. *See*

---

[6] Wesling also contends that replacement counsel were ineffective, and violated his Sixth Amendment rights, because they failed to follow Pa.R.Crim.P. 578, which requires that "all pretrial requests for relief shall be included in one omnibus motion." Brief for Appellant at 16 (citing Pa.R.Crim.P. 578). Wesling further asserts that replacement counsel "failed to preserve, raise or litigate the issue of [a] statute of limitations defense." Brief for Appellant at 34. However, these issues were not raised in Wesling's court-ordered Pa.R.A.P. Concise Statement of matters complained of on appeal. Accordingly, he failed to preserve them for our review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (providing that, if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived.).

Pa.R.A.P. 2119(a) (stating that the argument section of the parties' briefs "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part - in distinctive type or in type distinctly displayed - the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Moreover, in its Opinion, the PCRA court deemed this issue as too vague to be adequately addressed. **See** PCRA Court Opinion, 5/25/16, at 4; **see also id**. (wherein the PCRA court reviewed the transcript pages cited in Wesling's Concise Statement, and determined that it had found no ineffectiveness of counsel therein).[7] Accordingly, we determine that Wesling failed to preserve this issue for our review. **See** Pa.R.A.P. 2119(a); **see also Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011) (holding that this Court may find waiver where a concise statement is too vague).

In his Statement of Questions Presented, Wesling framed his fifth issue as follows: "Was not [Wesling's c]onstitutional rights violated when the statute of limitations had completed running in 2007[,] and [Wesling] was charged in 2009?" Brief for Appellant at 4. Notably, Wesling has failed to provide a separate discussion in his appellate brief in support of his fourth issue. **See** Pa.R.A.P. 2119(a). However, Wesling raised this issue in his

---

[7] To the extent that Wesling had intended to support this issue with those arguments raised in support of his third issue that we have deemed waived, **see** footnote 4, **supra**, he failed to raise those arguments before the trial court. **See Lord, supra**; Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal.). Thus, we cannot consider them on appeal.

Concise Statement and addressed this issue elsewhere in his appellate brief, albeit in the discussion supporting his third issue on appeal. While Wesling is in technical violation of our Appellate Rules, we will nevertheless address his fifth issue on appeal.

Wesling indicates that he was convicted under 42 Pa.C.S.A. § 5552, which was amended in 1990 to extend the time period in which to commence prosecution for sexual offenses against minors to five years from the date the victim turned 18 years old. Brief for Appellant at 34. Wesling claims that because P.U. was born in 1981, and K.B. was born in 1984, the Commonwealth would have had until 2004 to commence prosecution for sexual offenses committed against P.U., and until 2007 to commence prosecution for sexual offenses committed against K.B. *Id*. Wesling argues that the Commonwealth brought charges against him in 2009, which was beyond the statute of limitations. *Id*. Wesling acknowledges that section 5552 was amended in 2002 to extend the time period in which to commence prosecution for sexual offenses against minors to twelve years from the date the victim turned 18 years old, but claims that the legislature did not intend the amendment to apply to crimes committed prior to its effective date. Brief for Appellant at 35, 40; *see also id*. at 34 (wherein Wesling asserts that the sexual offenses of which he was convicted occurred from 1990 through 2000).

Under the PCRA, an issue will be deemed waived if the petitioner could have raised it but failed to do so before trial, at trial, or on direct appeal. *See* 42 Pa.C.S.A. § 9544(b). As Wesling could have raised this issue before trial, at trial or in his direct appeal, we deem the issue as waived.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017

---

[8] Even if we had not deemed this issue to be waived, we would have concluded that it lacks merit for the reasons expressed by the PCRA court in its Orders. *See* PCRA Court Order, 3/18/16, at 2; *see also* PCRA Court Order, 2/23/16, at 1-2.

## COURT OF COMMON PLEAS OF MONROE COUNTY
## FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA  :      No. 1697 CR 2012

                   :

      v.                        :

                   :

DANIEL WESLING,            :       POST-CONVICTION
           Defendant        :       RELIEF ACT PETITION

### ORDER

      AND NOW, this 18th day of March 2016, Defendant's Motion for Post-Conviction Collateral Relief is **DENIED** for the following reasons:

      1.       On October 22, 2015, Brian S. Gaglione, Esq., was court appointed to represent Defendant in this matter.

      2.       Attorney Gaglione was given until November 23, 2015 to file an Amended PCRA Petition to cure any defects in the original *pro se* petition. This deadline was extended three times upon request of defense counsel, the last deadline being set at February 10, 2016.

      3.       On February 9, 2016, Attorney Gaglione filed a Petition to Withdraw as Counsel, together with a "no merit" letter, in which he details his review of Defendant's file and frames the issues raised by Defendant as follows: "the statute of limitations had run due to the passage of time between when these crimes were alleged to have occurred and when you were charged" and "that Attorney Spishock 'rendered deficient performance and her counsel decisions had no reasonable basis other than to undermine the truth determining process.'" No merit letter, 2/8/16, pp. 1, 2 (quoting Defendant's *pro se* PCRA Petition).

      4.       We issued an Amended Notice of Disposition without Hearing on Defendant's PCRA Petition on February 13, 2016. As of the date of this Order, Defendant has not filed a response.

1

5.     Attorney Gaglione requests to withdraw as counsel for the following reasons: "[T]he statute of limitations has not in fact run. While the allegations are murky with regard to specific dates upon which the crimes are alleged to have happened, it is clear that they are all alleged to have occurred somewhere between 1990–2001. Additionally, all of the offenses were committed against children. . . . In 1990 [42 Pa. C.S.A.] § 5552 was amended to allow prosecution for 'any sexual offense committed against a minor who is less than 18 years of age any time up to the period of limitation provided by law after the minor has reached 18 years of age.' At the time of the 1990 amendment, that period was 5 years. . . . Since the children were born in 1981 and 1984, respectively, that meant that the Commonwealth would have had, at worst, until 2004 on the older child and 2007 on the younger one within which to file charges (assuming that all of the offenses occurred in 1990 only . . . ). However, prior to 2004 and the potential running of the statute of limitations, the Pa. Legislature amended § 5552 again. Specifically, in 2002, the statute of limitations on 'major sexual offenses' was extended to 12 years beyond attainment of a victim's 18th birthday. As a result, the Commonwealth then had until 2011 and 2014 respectively to commence proceedings against you, at worst. . . . Since the statute never actually ran prior to it's being amended and extended, you can't argue that the amendments are *ex post facto* as they relate to your case, and so your first issue in your PCRA is without merit." No merit letter, 2/8/16, pp. 1–2.

Additionally, Attorney Gaglione states "I can't see how Attorney Spishock compromised your defense in any way. You hired private counsel prior to trial in this matter. Private counsel filed a number of pre-trial motions on your behalf, including an Omnibus Motion and a Habeas Motion. The hearing that was held on the Habeas Motion is the functional equivalent of a preliminary hearing, so any error of judgment or missed opportunity that Attorney Spishock committed by waiving your preliminary hearing and not filing pre-trial

2

motions was rectified. . . . [I]n looking at the pre-trial filings, the transcripts from trial, and the brief in support of your appeal, I was unable to find any issues that rise to the level necessary for collateral relief through the PCRA statute. In short, Ms. Spishock had very little to do with your defense and the people who actually defended you appeared to do it competently and within the bounds of expected advocacy." No merit letter, 2/8/16, p. 2.

6. A copy of the "no merit" letter was sent to Defendant by Attorney Gaglione on February 9, 2016.

7. After an independent review of the record, this Court agrees with Attorney Gaglione that the issues raised in Defendant's PCRA Petition are without merit.

8. Defendant is advised that he has thirty (30) days from the date of this Order within which to file an appeal with the Superior Court of Pennsylvania.

**IT IS FURTHER ORDERED** that the Petition to Withdraw as Counsel filed by Brian S. Gaglione, Esq., is **GRANTED**.

**IT IS FURTHER ORDERED AND DIRECTED** that the Clerk of Courts serve a copy of this decision upon the Defendant by certified mail, return receipt requested, and by regular first class mail at the State Correctional Institution in Somerset, Pennsylvania.

BY THE COURT:

MARGHERITA PATTI-WORTHINGTON, P.J.

cc: District Attorney
    Brian S. Gaglione, Esq.
    Daniel Wesling, Defendant
      SCI—Somerset
      1590 Walters Mill Road
      Somerset, PA 15510
    Clerk of Courts

3

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | No. 1697 CR 2012 |
| | : | |
| v. | : | 980 EDA 2016 |
| | : | |
| DANIEL WESLING, | : | |
| Defendant | : | PCRA APPEAL |

## STATEMENT PURSUANT TO Pa. R.A.P. 1925(a)

We submit this statement pursuant to Pa. R.A.P. 1925(a) in response to Daniel Wesling's ("Appellant") appeal from this Court's Order dated March 18, 2016, denying, without hearing, his PCRA Petition. The factual and procedural history of this case is as follows:

On October 9, 2013, Appellant was found guilty after trial by jury of numerous rape, sexual assault, indecent assault, and corruption charges with respect to two minor victims. At the time of trial, the victims were no longer minors as the alleged offenses took place at various times between 1990 and 2001. Appellant was timely sentenced, post-sentence motions were addressed, and he timely filed an appeal. The Superior Court affirmed Appellant's judgment of sentence on June 30, 2015, and no petition for allocatur was filed.

On October 15, 2015, Appellant filed a *pro se* PCRA Petition. We appointed Brian Gaglione, Esq., to represent Appellant and file an Amended PCRA Petition on his behalf. On November 23, 2015, after motion by defense counsel, we granted an extension of time within which to file the Amended PCRA to December 23, 2015. We granted a second extension to January 29, 2016. We granted a third, and final, extension to February 10, 2016.[1]

_____

[1] According to defense counsel, as is evidenced in his motions for extension of time, there was some difficulty in locating Appellant's copies of the trial transcripts. Appellant's trial counsel was admitted *pro hac vice* from Florida and the sponsoring attorney practices primarily in Philadelphia. *See* Motion to Admit Counsel *Pro Hac Vice*—Jack Fuchs, 3/13/2013; Motion to Admit Counsel *Pro Hac Vice*—Michael Salnick, 3/13/2013.

1

On February 9, 2016, instead of receiving an Amended PCRA Petition, we received a Petition to Withdraw as Counsel with an attached "no merit" letter. On February 17, 2016, after review of counsel's "no merit" letter and an independent review of the record, we filed a Notice of Disposition Without Hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 23, 2016, we filed an Amended Notice of Disposition Without Hearing[2] and granted Appellant 20 days from the date of the Amended Notice within which to file a response. Having received no response,[3] on March 18, 2016, we filed an Order denying Appellant's PCRA Petition and granting Attorney Gaglione's request to withdraw as counsel.

On March 24, 2016, Appellant filed a timely Notice of Appeal. On March 30, 2016, we ordered that Appellant file a concise statement pursuant to Pa. R.A.P. 1925(b) within 21 days. All relevant Notes of Testimony had previously been transcribed.[4]

Appellant was granted an extension to file his Concise Statement and we received said statement, timely, on April 21, 2016.

In his concise statement, Appellant claims this Court erred in the following ways: (1) allowing Attorney Gaglione to withdraw; (2) denying Appellant's PCRA claim that Robin Spishock, Esq. was ineffective at the preliminary hearing; (3) denying Appellant's PCRA claim that trial counsel (George Henry Newman, Esq., Michael Salnick, Esq., and Jack Fuchs, Esq.) were ineffective for failing to properly argue for a bill of particulars and expert testimony; (4) "[i]neffectiveness of counsel both Attorney groups documented in transcript of May 14, 2013 . . . (Page 19 line 18 to Page 21 line 9);" and (5) denying Appellant's PCRA claim that the statute

---

[2] The only change between our original Notice and our Amended Notice was a portion of the Appellant's address to ensure he received our Notice of Intent to Dismiss.

[3] Appellant did file correspondence with the Court during that time, however, none of the correspondence addressed the merits of Appellant's PCRA Petition.

[4] Furthermore, pursuant to this Court's Order, Attorney Gaglione's office ensured Appellant received said transcripts. *See* Certificate of Service, 4/12/2016.

2

of limitations and the uncorroborated testimony of the victim's violated Appellant's constitutional rights.

We fully addressed Appellant's first and second issues in our February 23, 2016, and March 18, 2016, Orders. Additionally, we adequately addressed Appellant's statute of limitations argument in his fifth issue in our February 23, 2016, and March 18, 2016, Orders. Accordingly, we incorporate said Orders by reference and adopt our reasoning therein on these issues and find they are without merit.

Appellant's third issue was not raised in his *pro se* PCRA Petition and is just now being brought to this Court's attention. Nevertheless, Appellant's issue lacks merit. Regarding Appellant's ineffectiveness claim based on a bill of particulars, a thorough review of the May 14, 2013 hearing transcript reveals that Attorney Salnick adequately raised and argued a motion for a bill of particulars. *See* Notes of Testimony, Motion, 5/13/2016, pp. 22–27 (hereinafter "N.T., Mot., p. ___."). Thus, Appellant's issue regarding ineffectiveness based on the lack of a request for a bill of particulars is without merit.

Regarding Appellant's ineffectiveness claim based on expert testimony, said issue is too vague to be adequately addressed. *See Commonwealth v. Dowling*, 778 A.2d 683, 686–87 (Pa. Super. 2001) ("[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all."). Appellant contends his trial counsel was ineffective for failing to call an expert "to impeach accuser P.B." and that such claim is evident from certain pages in the May 14, 2013, hearing transcript. After careful review of the cited pages of the May 14, 2013, hearing transcript, we cannot identify any claim involving expert witness testimony. N.T., Mot., pp. 8–9. As we cannot determine what Appellant claims constituted ineffectiveness regarding expert testimony, we will not speculate as

3

to same. *See id.* at 686 ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." (quoting *Commonwealth v. Butler*, 756 A.2d 55, 57 (Pa. Super. 2000))). Thus, we believe Appellant's issue regarding ineffectiveness based on expert testimony is waived to the extent that it raises an issue which is too vague to be determined.

Appellant's fourth issue is also vague. We have reviewed the pages of the May 14, 2013, hearing transcript cited by Appellant and find no ineffectiveness claims therein. N.T., Mot., pp. 19–21. Thus, Appellant's fourth issue is too vague to be adequately addressed. *See Dowling*, 778 A.2d at 686–87. We cannot determine what Appellant claims constituted ineffectiveness in the three pages of testimony cited. Furthermore, we will not speculate as to how Appellant believes his counsel was ineffective. *See id.* at 686. Thus, we believe this issue is waived to the extent that it raises an issue which is too vague to be determined.[5]

The second part of Appellant's fifth issue was also not raised in his *pro se* PCRA Petition and is just now being brought to this Court's attention. Nevertheless, Appellant's issue lacks merit. The appellate courts of Pennsylvania have "long-recognized that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from a defense witness." *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) (quotation omitted) *appeal denied by Commonwealth v. Charlton*, 911 A.2d 933 (Pa. 2006). Thus, we find Appellant's argument regarding the constitutionality of uncorroborated victim testimony is without merit.

---

[5] We do note, however, that to the extent Appellant's claim is in regard to the alleged ineffectiveness of Attorney Spishock on pretrial matters, we have previously stated this issue was adequately addressed in our February 23, 2016, and March 18, 2016, Orders and we incorporate by reference and rely on our reasoning in those Orders.

4

For the reasons stated above and in our February 23, 2016, and March 18, 2016, Orders,

Appellant's assertions of error are without merit. Nothing further remains to be determined at

this time.

BY THE COURT:



MARGHERITA PATTI-WORTHINGTON, P.J.

cc:  District Attorney
     Daniel Wesling, *pro se*
          # LP 8976
          SCI Somerset
          1600 Walters Mill Rd.
          Somerset, PA 15510
     Clerk of Courts
     Prothonotary—Superior Court
     MPW2016-0021